Filed 3/12/24  P. v. E.C. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082174 |
| v. | (Super.Ct.No. J294916) |
| E.C., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Tony Raphael, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

E.C. appeals from the juvenile court's dispositional order adjudging him a ward of the court and committing him to a term of confinement at Gateway to Arise (Arise), a secure youth treatment facility. We appointed counsel to represent E.C. on appeal, and counsel filed an opening brief that raised no issues and requested independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. We affirm.

BACKGROUND

In November 2022, the San Bernardino County District Attorney filed a petition under Welfare and Institutions Code section 602, subdivision (a), as to E.C. As amended, the petition alleged that E.C. committed misdemeanor interference with a wireless communication device (Pen. Code, § 591.5; unlabeled statutory citations refer to this code), felony second degree robbery (§ 211), misdemeanor battery (§ 242), misdemeanor resisting, delaying, or obstructing a peace officer or emergency medical technician (§ 148, subd. (a)(1)), and felony grand theft (§ 487, subd. (c)).

The petition arose from an incident between E.C. and his sister. E.C.'s sister told the police that E.C. had "repeatedly lunged towards her with a closed fist as if he was going to hit her." When she tried to call 911, E.C. tried to take the phone from her to prevent her from calling. He then grabbed her wrist and ripped the gold chains from her neck, which caused some abrasions on her arm and neck. E.C. left, and his mother followed him and demanded the chain back. E.C.'s sister wanted E.C. prosecuted, so she

2

gave the police a photograph of him and described his clothing. When the police found E.C. at a nearby intersection, he fled but was eventually taken into custody.

E.C. admitted the felony grand theft allegation, and the court declared him a ward of the court, detained him, and placed him in the custody of his mother (upon his release from juvenile hall) on the terms and conditions stated in the probation report. The court also ordered that the probation department refer E.C. to the court for individualized treatment of adolescents. At a specially scheduled hearing the next week, the court ordered E.C. released from juvenile hall.

In May 2023, the district attorney filed a subsequent petition under Welfare and Institutions Code section 602, subdivision (a). As amended, the subsequent petition alleged that E.C. committed felony second degree robbery (§ 211), felony carjacking (§ 215, subd. (a)), felony evasion of an officer with willful disregard for safety (Veh. Code, § 2800.2, subd. (a)), felony attempted kidnapping (§§ 664, 207, subd. (a)), and felony threats (§ 422, subd. (a)).

At the detention hearing, the court found that E.C.'s continued presence in his parents' home was contrary to his welfare and continued his detention in juvenile hall pending further hearing on the matter. At the pretrial hearing, E.C. admitted the robbery allegation, and the court granted the People's motion to dismiss the remaining counts.

The probation department reported that according to the police report, E.C. and a co-participant lured a victim through Instagram to meet them in a parking garage. Upon the victim's arrival, E.C.'s co-participant demanded the victim's belongings at gunpoint.

E.C. and his co-participant then began to hit the victim, causing the victim several cuts to his face, neck, and ears. E.C.'s co-participant demanded the victim's car and directed the victim to get into the car, but the victim refused. E.C. got into the driver's seat of the victim's car and fled the garage with his co-participant. After being taken into custody, E.C. agreed to show officers where he had thrown the gun out of the car's passenger window.

In its disposition report, the probation department recommended that E.C. be committed to Arise because, among other reasons, "his crimes [were] becoming more violent and including random victims." At the contested disposition hearing, the court considered whether an unsecured placement was an option but expressed concern that E.C.'s most recent offense involved "deception" and was "very sophisticated and dangerous." The court adopted the department's analysis in the disposition report and committed E.C. to Arise with a baseline term of three years and a maximum term of confinement of three years eight months.

## DISCUSSION

E.C.'s appellate counsel filed a *Wende* brief raising one potential issue: whether the court erred by committing E.C. to Arise. Counsel asked that we conduct an independent review of the record. (See *In re Kevin S.* (2003) 113 Cal.App.4th 97, 117-119 [*Wende* procedure applies in the juvenile delinquency context to a minor's first appeal as of right].) We advised E.C. that he had 30 days to file a personal supplemental brief, and we received no response.

4

We have independently reviewed the record and found no arguable error that would result in a disposition more favorable to E.C.  (*People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)  Accordingly, we affirm the dispositional order.

## DISPOSITION

The dispositional order is affirmed.


MENETREZ
                                                                                    J.

We concur:


RAMIREZ
                    P. J.


CODRINGTON
                    J.

5